Alleging that her husband died from injuries sustained when he was thrown to the pavement as the result of the negligence of the driver of a truck, owned by one of the defendants and insured by the other, in suddenly stopping his vehicle while her husband was riding on the running board, plaintiff filed this suit on behalf of herself and minor children for $25,000.
Plaintiff alleged that the defendant Gremillion was engaged in the business of delivering morning newspapers to the residents of the town of Cloutierville and nearby towns and cities and used a panel truck for this purpose; that on the morning of October 15, 1945, her husband Mr. E. McTire, paid the driver the sum of twenty-five cents for the privilege of riding in this truck from Cloutierville to Natchitoches; that at the time there were two boys already seated in the cab with the driver and her husband was told to stand on the running board and ride a few blocks until the truck reached the point at which one of the inside passengers was expected to leave the truck, after which he could get inside; that when the truck had proceeded a short distance, Mr. McTire's hat blew off and one of the boys sitting in the truck yelled to the driver that the hat was lost; that the driver suddenly and without warning applied the brakes, throwing Mr. McTire forward from the running board to the pavement; and that his death on June 3, 1946 came as a direct result of the injuries received when he was thus thrown from the running board of the truck.
The answer denied that Mr. McTire paid any fare and admitted that he was told to ride on the running board until a seat in the cab was available; that his hat blew off while he was so riding, but set forth that the accident complained of arose through no fault of the driver but rather through the negligence of plaintiff's husband in alighting from the running board while the vehicle was in motion; in riding on the running board when a safe position was available elsewhere in the truck, and in not maintaining a secure position while riding on the running board.
In the alternative, in the event the Court should hold the truck driver negligent, the defendants pleaded that the above acts by Mr. McTire constituted contributory negligence and barred plaintiff's recovery.
The District Court in a comprehensive written opinion concluded that the evidence did not show that Mr. McTire was a paying passenger, nor did it establish that the driver of the truck was negligent in the manner in which he brought the truck to a stop after the hat was blown from Mr. McTire's head and gave judgment for defendants. Plaintiff has appealed.
We first consider plaintiff's contention that her husband was a paying passenger and find that this is not established by the evidence. The driver of the truck denied that he received any money from Mr. McTire. The other two passengers in the truck were Louis Rachal, a student who lived at Cloutierville and was on his way to school at Natchitoches, and the boy employed by defendant to deliver newspapers in Cloutierville. Both of these witnesses testified that they heard no arrangements made as to the payment of fare and saw no money paid. Rachal, who was a native of Cloutierville and had known plaintiff and her husband for many years and who was a disinterested witness, testified that he had ridden the paper truck four times to Natchitoches and on no occasion did he pay any fare nor was any fare asked of him. The driver admitted taking twenty-five cents in fare from a colored passenger on several occasions but testified that he never required any payment and that payments when made were entirely voluntary and that none was made by Mr. McTire. There were no other witnesses who could shed light on this controversial point and we agree with the District Judge that plaintiff failed to establish that a charge was made by the driver or paid by her husband for the ride from Cloutierville to Natchitoches.
Since the status of plaintiff's husband was not that of a fare paying passenger, it is incumbent upon plaintiff, in order *Page 802 
to recover, to establish that her husband's fall to the pavement came as the result of the negligent operation of the truck owned and insured by the defendants.
The driver of the truck was called by plaintiff on cross-examination and testified again when placed upon the stand by defendants. His testimony was that Mr. McTire flagged the truck down, asked for and obtained permission to ride to Natchitoches and was told that he could ride on the running board for a few blocks until one of the two boys riding with the driver in the cab got out before the truck left Cloutierville. He testified that he saw Mr. McTire's hat blow off and that Mr. McTire reached back to grab it, but fell off.
Louis Rachal was riding on the right side of the truck. He testified that after Mr. McTire got on the running board, the truck proceeded about 300 yards and his hat blew off; that he told the driver what had taken place and "before the truck could come to a complete stop, he (Mr. McTire) stepped off and fell" and when questioned as to the suddenness vel non of the stop, he stated, "it was an average stop."
The other passenger, the boy, testified that Mr. McTire's hat blew off his head "and he asked the driver to stop to get his hat. Before he stopped completely, he stepped off * * *," but on cross-examination, stated that he did not see the hat fly off but saw it on the ground after the truck stopped. When asked whether the stop was sudden or average, his reply was, "I don't know."
The record discloses that Mr. McTire was elderly, rather heavy, and that he had been sick considerably prior to the truck incident. (His reason for going to Natchitoches on the morning of the accident was to secure medicine for himself at one of the drug stores there). His weight, age and physical condition would make him more likely to fall than if he had been younger, lighter on his feet and in better health. There was neither allegation or proof that the truck was operated other than at a prudent speed. We think the most likely conclusion to be reached from the evidence is that Mr. McTire in his desire to promptly retrieve his headgear, fell when he stepped from the running board, either just before or at the moment the truck stopped.
The record does not establish by the preponderance of evidence that the truck driver was guilty of any negligence in the manner in which the truck was brought to a halt. Under these circumstances, the District Court correctly concluded that the evidence was insufficient to show that the driver was negligent. A similar situation existed in the case of Bennett v. Pugh et al., La. App., 177 So. 112, in which this Court concluded, as we do in the case before us, that the plaintiff failed to make out her case in accordance with law and with the preponderance of evidence.
Our finding being the same as that of the District Court, the judgment appealed from is affirmed, with costs.